**THIS ORDER IS SIGNED AND ENTERED.**

**Dated: December 14, 2023**

_____
**Hon. Catherine J. Furay**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:

DAVID LESTER WARFEL, JR.,
and JEANNE MARIE WARFEL,

     Debtors.

Case Number: 20-11651-13

---

DAVID LESTER WARFEL, JR.,
JEANNE MARIE WARFEL,
and MARK HARRING,

     Plaintiffs,

    v.

21ST MORTGAGE CORPORATION,

     Defendant.

Adversary Number: 21-00002

---

## INDICATIVE RULING AND ORDER GRANTING

The Debtors, 21st Mortgage Corporation, and the Chapter 13 Trustee,

through counsel, submitted a joint motion for indicative ruling on a motion to

approve a conditional agreement (the "Motion"). The Motion has been

submitted in the Debtors' main bankruptcy case as well as the adversary proceeding between the Debtors and 21st Mortgage.

Debtors filed a Chapter 13 bankruptcy on June 25, 2020. 21st Mortgage Corporation filed a Proof of Claim asserting a secured claim.

On January 11, 2021, Debtors filed an adversary proceeding seeking avoidance of the mortgage of 21st Mortgage. A trial in the adversary proceeding was conducted and a decision was issued avoiding the mortgage on February 3, 2022. The Court granted judgment avoiding the lien.

Debtors filed a proposed plan and four amended plans. 21st Mortgage filed objections to confirmation. On February 8, 2022, the Fourth Amended Plan was confirmed.

Debtors filed an objection to the claim filed by 21st Mortgage. 21st Mortgage did not request a hearing on the objection and the Court entered an order on Debtors' objection granting the objection and allowing the claim of 21st Mortgage as a general unsecured claim ("Claim Order").

21st Mortgage appealed the judgment avoiding the lien to the District Court (Case No. 23-CV-580). The District Court reversed the decision of this Court avoiding the lien on the basis that the Debtors did not have standing in a Chapter 13 to seek avoidance and remanded for further proceedings. On remand, the parties stipulated there were no disputed issues of fact and argument was submitted on the issue of standing. The Court granted leave to amend the complaint to add or substitute the Trustee as plaintiff. An amended complaint and an answer were filed. This Court rendered a Decision and entered an Order and

2

Judgment granting lien avoidance to the Trustee ("Decision and Order").
21st Mortgage appealed that decision.

The parties moved to stay the briefing schedule or enlarge time to file briefs in the appeal in order to file the Motion before this Court. The District Court granted the motion to stay briefing.

The parties desire to resolve their differences and have reached a conditional agreement for refinancing of debts on certain terms as set forth in a Conditional Agreement attached to the Motion. This Court is advised that the proposed refinancing is conditioned upon vacatur of the Bankruptcy Decision and Order and the Claim Order. Further, that the refinancing is necessary for the confirmation of a further amended plan.

Due to the pending appeal, the Court does not believe it has the authority at this time to rule to vacate the Decision and Order or the Claim Order. However, under Bankruptcy Rule 8008, this Court may make an indicative ruling on the joint motion of the parties.

Rule 8008 states in pertinent part:

(a) **Relief Pending Appeal**. If a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the bankruptcy court may:

(1) defer considering the motion;

(2) deny the motion; or

(3) state that the court would grant the motion if the court where the appeal is pending remands for that purpose, or state that the motion raises a substantial issue.

3

The Motion states that if an indicative ruling granting the relief sought is issued and if the District Court remands the Decision and Order and Claim Order to permit this Court to enter an order granting the vacatur of the orders sought, the parties intend to file a motion requesting approval of the refinancing. The Motion and clarifications of counsel on the record state (1) that vacatur is necessary to complete a refinancing, and (2) that if the refinancing is not approved and closed, then the vacatur would be null and void permitting the parties to proceed with the appeal. If the refinancing is closed and vacatur granted, then the parties would dismiss the appeal.

No objections to the Motion have been filed.

For the reasons stated in open court on December 7, 2023, the Court indicates that it would likely grant the joint motion to vacate the Decision and Order and the Claims Order subject to the filing of a motion to approve the proposed refinancing.

IT IS SO ORDERED.

###